# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00368-CR

**Clarence Donald, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
## NO. 05-904009, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant, Clarence Donald, was indicted for delivery of less than one gram of cocaine in a drug-free zone, a third-degree felony. *See* Tex. Health & Safety Code Ann. §§ 481.112(a), (b), 481.102(3)(D), 481.134(d)(1) (West 2003 & Supp. 2005). At trial, the jury found Donald guilty and assessed his punishment at 11 years' confinement. The district court rendered judgment on the jury verdict. On appeal, Donald contends that the district court erred by not directing acquittal because the evidence was legally insufficient that he sold cocaine. Donald also complains that the jury was allowed to convict him of a drug-free zone offense without evidence of a culpable mental state regarding his presence in a drug-free zone. We will affirm the judgment of the district court.

## BACKGROUND

A grand jury indicted Donald on December 20, 2004, for delivery of less than one gram of cocaine in a drug-free zone. Donald pleaded not guilty, and elected to have his punishment assessed by the jury. The following facts and evidence were presented to the court.

On the night of November 17, 2004, Austin police officers Carlos Vallejo and Eric Guevara were conducting an undercover investigation of narcotics sales and prostitution. The officers, working in plain clothes and in an unmarked car, approached Laura Robinson and attempted to buy "a twenty," which is street slang for $20 worth of crack cocaine. Robinson told the officers that she did not have what they wanted, but that she could direct them to someone who did. Robinson got into the officers' car, and directed them to a gas station about seven blocks away.

At the gas station, Robinson pointed out Donald, indicating that Donald could supply the drugs that the officers sought. Donald came up to the officers' car, and Robinson asked him whether he had "a twenty." Donald told Robinson to get out of the car. Officer Vallejo gave Robinson a $20 bill and a $10 bill with which to make the buy. These bills had been photocopied by the police to enable them to later identify the bills by their serial numbers. Robinson got out of the car, and joined Donald next to Donald's car, which was parked four or five feet away at a gas pump.

Officer Vallejo testified that as Robinson and Donald stood next to the fender of Donald's car, Vallejo saw Donald spit objects into his own hand and then hand them to Robinson. Vallejo stated that Robinson and Donald had been only three or four feet away from the officers' car, and had been standing "right under the gas pumps, so the lighting was pretty good." Officer Guevara, on the other hand, testified that Donald spit objects into Robinson's hand rather than his

2

own. Guevara said that Robinson returned to the officers' car, sat down, and handed Vallejo two rocks of crack cocaine. Both officers testified that they did not observe a transfer of money from Robinson to Donald, and that they had not searched Robinson at any time before the transaction.

Officer Vallejo signaled to the arrest team, which drove over and arrested Donald and Robinson. Vallejo testified that he placed the rocks that Robinson had given him into a plastic bag, starting the chain of custody.

Detective Joseph Lorett testified that police found the "pre-recorded buy money" in Donald's pocket when they searched Donald. Lorett also testified that he was responsible for determining whether the offense took place in a drug-free zone. Lorett said that the transaction took place within 1,000 feet of more than one school. He added that the transaction took place "about 250 feet" from Advantage Prep School, a day care center across the street from the gas station where the buy took place. Lorett said that he accepted the rocks from Officer Vallejo, placed his own name on the evidence for chain-of-custody purposes, and used a field test to confirm that the rocks were cocaine. Lorett said that he then turned the rocks over to the police evidence room.

Officer Debbie Stephens, a police forensic chemist, testified that the rocks weighed 0.38 grams. She testified that she performed a gas chromatography analysis, an ultraviolet analysis, and an infrared analysis on the rocks, and that the tests indicated that the rocks were pure cocaine. After Donald objected to introduction of the cocaine as evidence, saying the chain of custody had not been proven, Stephens described the steps in the chain of custody from the evidence locker to the courtroom.

The jury found Donald guilty of delivery of a controlled substance and further found that Donald committed the offense in a drug-free zone. During the punishment phase, the jury found

3

true three allegations that Donald had committed prior felonies, and assessed his punishment at confinement for 11 years. The district court rendered judgment on the jury's verdict. This appeal followed.

## DISCUSSION

In two issues on appeal, Donald contends that the district court erred by not directing acquittal due to insufficient evidence, and by allowing the jury to convict Donald of a drug-free zone offense without evidence that Donald knew he was in a drug-free zone.

**Legal sufficiency of the evidence**

Donald complains that the district court did not direct acquittal due to insufficient evidence that Donald delivered cocaine.

### *Standard of review*

We treat a point of error complaining that a trial court has failed to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). When there is a challenge to the legal sufficiency of the evidence to sustain a criminal conviction, we consider whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the

4

verdict. *See Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). It is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). We consider even erroneously admitted evidence. *Id*.

### *Application*

A person commits the offense of delivery of a controlled substance if he constructively transfers cocaine to another person. Tex. Health & Safety Code Ann. §§ 481.112(a)-(b), 481.102(3)(D) (West 2003). "Constructive transfer" means transfer of a controlled substance that either belongs to or is under the control of the defendant, at the direction of the defendant, by some other person or means. *Thomas v. State*, 832 S.W.2d 47, 51 (Tex. Crim. App. 1992). Delivery of cocaine is a third-degree felony if it is committed within 1,000 feet of a school. *See* Tex. Health & Safety Code Ann. § 481.134(d)(1) (West Supp. 2005).

Donald contends that the evidence is legally insufficient for three reasons. First, Officer Vallejo's testimony that Donald spat an object into his own hand differed from Officer Guevara's testimony that Donald spat an object into Robinson's hand. Second, the police did not search Robinson before she left the car to buy from Donald and, Donald contends, therefore did not prove that she was not the source of the drugs. Third, Donald alleges a problem with the chain of custody of the drug evidence.

We assume that the jury resolved conflicts in the testimony and drew reasonable inferences in a manner that supports the verdict. *See Griffin*, 614 S.W.2d at 159. The jury heard

evidence that Robinson denied having "a twenty," that she directed the officers to Donald, and that Donald had the pre-recorded buy money in his pocket after the apparent transaction. It was reasonable for the jury to conclude that Robinson would not have led the officers to Donald and given him the $30 if she already had cocaine to sell. It was undisputed that the rocks admitted into evidence were 0.38 grams of pure cocaine. The jury was free to determine that Robinson did not have the rocks before the transaction, and that the officers saw Donald spit out the two rocks of crack cocaine and give them to Robinson. Viewing all the evidence in the light most favorable to the verdict, a rational jury could have concluded beyond a reasonable doubt that Donald constructively delivered cocaine to the officers. *Id.*

Detective Lorett's estimate of the distance of the transaction from Advantage Prep School was sufficient to allow the jury to find that Donald committed the offense within a drug-free zone. *See*, *e.g.*, *Fluellen v. State*, 104 S.W.3d 152, 160 (Tex. App.—Texarkana 2003, no pet.)*.*

Donald's allegation of a problem in the drug evidence chain of custody is not germane to his legal sufficiency argument. We consider all admitted evidence, without regard to whether it was erroneously admitted. *Johnson*, 871 S.W.2d at 186. We conclude that the evidence was legally sufficient to support Donald's conviction, and therefore overrule Donald's first issue.

**Awareness of location**

Donald's second issue on appeal is that "[t]he trial court erred in allowing the jury to convict and punish as a drug-free zone offense, without requiring evidence that appellant knew said area of sale was within such drug-free zone, or near a school or day-care center." In substance, this is a complaint of charge error. The charge permitted the jury to find Donald guilty of delivery

6

of a controlled substance in a drug-free zone without finding that he had a culpable mental state regarding his location.

The State argues that Donald did not preserve this issue for review because Donald raised no objection to the charge. *See* Tex. R. App. P. 33.1(a) (West 2003). We agree. Nor does Donald complain of egregious harm. *See Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). We therefore overrule Donald's second issue.

## CONCLUSION

Having overruled both of Donald's issues, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Pemberton and Waldrop

Affirmed

Filed:   June 30, 2006

Do Not Publish

7